## CLEVELAND J. SALTER

*v.*

## JAMES SAMPLE.

1. HOUSES — *whether real or personal property — and herein, whether replevin will lie.* A house built, placed on pillars for permanency, for a residence, and not to serve a temporary purpose, becomes a part of the realty.

2. Where the owner of a lot sold it by a parol contract, on a credit of one year, and the purchaser erected a frame house thereon, placed upon pillars, as a residence, and, before the expiration of the year, sold the house to another, who removed it to another lot, and there placed it upon brick pillars sunk in the ground, and built an addition to it, it was *held,* that the house was a part of the realty, on the first lot, and that when it was removed, and became fixed upon the brick pillars on the other lot, it became a part of that lot, and that replevin would not lie for it.

3. In such case, the house, during its transit from one lot to the other, might be regarded as personal property, but not after it became permanently attached to the other lot.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for the appellant.

Messrs. EPLER & CALLON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The facts in this case are substantially these : One Singleton purchased a lot in the town of Waverly, in the county of Morgan, of appellant, on time. at one hundred and fifty dollars. the agreed price. Singleton took possession of the lot, and erected on it a small frame house, on pillars, as a residence. In the absence of the vendor, who had contributed some money towards the plastering and carpenter work of the house, Singleton sold the house to one Ranz, about the time the purchase money became due, and Ranz sold it to one Dennis. Dennis and Ranz removed the house to a lot belonging to Dennis, placing it on brick pillars sunk in the ground, with the intention of making a residence of it, for the purpose of sale. A purchaser was found in appellee, Sample, who paid them six hundred dollars and over for the house and lot, and, to fit it for a dwelling, built an addition to it for a kitchen, attached to the main building by resting the frame on pieces of scantling, 2 x 4, nailed to the corner posts of the main building.

The purchase money from Singleton for the lot was not then due, nor has it ever been paid or demanded, and no deed made by appellant.

On appellant's return home, finding the lot he had contracted to sell Singleton vacant, the house having been removed, and tracing it to the possession of appellee, he demanded a return of it, claiming the right of possession, which, being refused, appellant sued out a writ of replevin for the house, which the sheriff executed by removing the brick pillars, on which the house had been placed by Ranz and Dennis, and detaching the " addition " erected by appellee, and removed it from appellee's lot, but to what place it

was taken by the sheriff, or what became of it, the record does not disclose.

The question in the case is, was this house, when moved by Dennis and Ranz to Dennis' lot, and there placed on brick pillars sunk in the ground, and to which, appellee, after his purchase, built the addition fixed to the building by nails, and occupied it as his dwelling, personal or real property? If the former, the action of replevin would lie, on the authority of *Ogden* v. *Stock*, 34 Ill. 522. That case does not show the building was fixed to, and had become a part of, the soil of another lot, after it was removed, as in this case. It was built on blocks, resting on planks, but how it was fastened to the soil after removal, is not disclosed. In that case, also, the contract of sale provided, that, if the vendee should make default in any of the payments, the vendor should have the right to consider the agreement terminated, and to treat the purchaser, his representatives, or assigns, as tenants at will, at a specified rent. Nothing of this appears in this case, nor is it shown that any written contract existed for the sale and conveyance of this lot, by appellant, to Singleton, nor that it was any part of the bargain that Singleton was to build upon the lot. The proof is, appellant sold the lot to him for one hundred and fifty dollars, on one year's time, at ten per cent. No note taken—no contract providing for a deed executed— no stipulation as to forfeiture on non-payment, and from aught that does appear, Singleton can yet perform his contract, and demand a deed. He may be able to satisfy a court of equity he has equitable rights, and may yet obtain a title to the lot.

But we are clear in the opinion that, if this house, being placed on pillars on appellant's lot, for permanency, for a residence, not to serve a temporary purpose, it became a part of the realty, and its removal to another lot, and there fixed to the soil for permanency, it was on that lot a part of the lot, and could not be taken from it by a writ of replevin. For the trespass in removing the structure from appellant's

lot, an action of trespass might lie; replevin would not, for there the building was a part of the realty. There can be no question, if Singleton had the title to the lot, he could have severed the house from it, and sold it as personal property; but when the same house was removed, and became a part of another lot—a part of the realty—it then ceased to be personalty, and for a damage to it an action of replevin can not be maintained. This is much like the case of *Dooley* v. *Crist*, 25 Ill. 551, where it was said to be a fundamental rule, that all improvements or additions placed upon land, of a permanent nature, adapted to its use and better enjoyment, became a part of the land. The exception is, in trade fixtures, and such erections as a tenant may make for his own convenience, with no regard to permanency. By express agreement of parties, even structures designed to be permanent, placed by a tenant upon land, or by a vendee, may be removed as personal property; or, if the owner of the soil, by deed, sells a tenement erected upon the land, it would become dissevered, and be converted from real to personal property. But, as a general rule, when a building is erected on the land, the presumption is, it is a part of the real estate, and not personalty, and to take it out of the operation of this rule, a state of facts must be shown which rebuts the presumption. And the court further say, even when a stranger constructs a building upon the land of another, without his consent, it becomes a part of the land, and he would become a trespasser by removing it.

Testing this case by what is there said, if it was Singleton's intention, when he built the house on the lot, to render the improvement permanent when erected, there can be no question it became a part of the freehold, and no subsequent change of intention changed its character to that of personal property. Not being the owner of the lot, he could not sever the building from it, if the intention at the time of erecting it was to render it a part of the realty, and this fact is found by the court trying the cause.

28—71st Ill.

This being so, the lot being the property of appellant, the building became a part of it, not as a chattel, but as part and parcel of the realty, and any one meddling with it, to disturb it, would be a trespasser on the realty. So, when, by means of a trespass, the building was placed on the Dennis lot, upon brick pillars sunk in the ground, it became a part of that lot, it was incorporated into the realty, and was not the subject of a writ of replevin. In its transit from one lot to the other, it might be regarded as personalty, but when it became attached to the soil, it lost that character.

As to the advances made by appellant, for plastering and carpenter's work, it appears a large part of that has been arranged by the services of Mrs. Singleton. But there is no proof these advances were made at Singleton's request, and if they were, they do not change the nature of the property. In equity, perhaps, appellant might establish a lien for the amount.

Holding these views, we must affirm the judgment.

*Judgment affirmed.*